UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| BETHANY A. FREER,<br><br>Plaintiff,<br><br>v.<br><br>SADIE'S PROFESSIONAL CLEANING SERVICES LLC, a Connecticut limited liability company, and SADA MARY MARSHALL, individually,<br><br>Defendants. | Case No. 2:26-cv-03052 |

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

Plaintiff, BETHANY A. FREER ("Plaintiff" or "Freer"), sues Defendants, SADIE'S PROFESSIONAL CLEANING SERVICES LLC ("Sadie's Cleaning") and SADA MARY MARSHALL ("Marshall"), and states as follows:

**CAUSES OF ACTION**

1. This is an action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA"), Article X, Section 24 of the Florida Constitution, the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"), and Florida common law for unpaid minimum wages, unpaid overtime wages, breach of contract, and unlawful retaliation.

**PARTIES**

2. Plaintiff, Bethany A. Freer, is an individual and a resident of Collier County, Florida.

3. Defendant, Sadie's Professional Cleaning Services LLC, is a Connecticut limited liability company registered to do business in Florida, with a principal place of business in Fort Myers, Lee County, Florida.

4. Defendant, Sada Mary Marshall, is an individual who is the owner, Chief Executive Officer, and managing agent of Sadie's Cleaning. Defendant Marshall may be served with process at 3592 Broadway, Suite 130, Fort Myers, Florida 33901.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is proper in this Court under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action involves federal questions under the Fair Labor Standards Act.

6. Jurisdiction over the state law claims set forth herein is proper pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

7. Personal jurisdiction and venue are proper in the United States District Court for the Middle District of Florida because at all times material, Defendants conducted business in, and all significant events giving rise to Plaintiff's claims occurred within Lee County, Florida.

8. Venue is proper in the Fort Myers Division because the action accrued in Lee County, over which the Fort Myers Division has jurisdiction.

9. All conditions precedent to maintaining this action have been performed, have occurred, have been excused, or have been waived.

## GENERAL ALLEGATIONS

10. Defendant Sadie's Cleaning is in the business of providing professional cleaning services in Florida and Connecticut.

11. Plaintiff was employed by Defendants from approximately June 14, 2025, through August 15, 2025, as an Executive Assistant to the CEO, Defendant Marshall.

12. Plaintiff's job duties included performing administrative functions, managing operations and logistics, and handling communications on behalf of Defendant Marshall. Plaintiff also handled payroll for employees in Connecticut.

13. Plaintiff was promised compensation at an hourly rate of $25.00.

14. Plaintiff's regular work schedule was Monday through Friday, from 9:00 a.m. to 6:00 p.m., but she frequently worked until 7:00 p.m. or 8:00 p.m.

15. Plaintiff consistently worked in excess of forty (40) hours per week, typically working between forty (40) and forty-five (45) hours per week.

### FLSA and FMWA Coverage

16. At all times material hereto, Defendant Sadie's Cleaning has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

17. At all times material hereto, the annual gross volume of sales made or business done by Defendant Sadie's Cleaning was not less than $500,000.

18. Independent of enterprise coverage, Plaintiff was individually covered by the FLSA because she regularly engaged in interstate commerce, including

communicating with individuals across state lines and handling records of interstate transactions, such as processing payroll for out-of-state employees.

19. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

20. At all times material hereto, Defendant Marshall served as Plaintiff's direct supervisor and was the sole owner of Sadie's Cleaning. Defendant Marshall determined and controlled Plaintiff's work hours, determined how much Plaintiff was paid, determined when Plaintiff was paid, and maintained the power to fire Plaintiff.

21. Accordingly, Defendant Marshall was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), and is individually liable for the wage violations alleged herein.

22. By virtue of being covered employers under the FLSA, Defendants, at all times material, were covered employers under the FMWA.

**Defendants' Unlawful Pay Practices**

23. Throughout Plaintiff's employment, Defendants failed and refused to pay Plaintiff proper overtime compensation for hours worked in excess of forty (40) in a workweek. Defendant Marshall admitted she did not understand how to calculate overtime and therefore would not pay it.

24. Defendants failed to pay Plaintiff any wages for her final two pay periods covering July 27, 2025, through August 9, 2025, and August 10, 2025, through August 15, 2025.

25. In total, Defendants have failed to pay Plaintiff $2,798.13 in earned, straight-time wages for her final weeks of employment.

26. On or about August 15, 2025, Plaintiff asked Defendant Marshall when she would be paid her earned wages. In direct response, Defendant Marshall became verbally abusive, refused to process Plaintiff's paycheck, and terminated Plaintiff's employment.

27. On account of Defendants' unlawful actions, Plaintiff has had to retain the services of legal counsel to represent her in this action. For said representation, Plaintiff will incur attorney's fees.

**COUNT I**
**(Breach of Contract – Against Defendant Sadie's Cleaning)**

28. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 27.

29. Plaintiff entered into a valid and enforceable employment agreement with Defendant Sadie's Cleaning, whereby Plaintiff agreed to provide services in exchange for compensation at a rate of $25.00 per hour.

30. Plaintiff performed all conditions precedent to her right to receive the promised compensation.

31. Defendant Sadie's Cleaning breached the agreement by failing to pay Plaintiff her earned wages for the pay periods covering July 27, 2025, through August 15, 2025.

32. As a direct and proximate result of the breach, Plaintiff has been damaged in the amount of $2,798.13.

33. Because the unpaid compensation constitutes wages, Plaintiff is entitled to recover reasonable attorney's fees and costs pursuant to Fla. Stat. § 448.08.

WHEREFORE, Plaintiff demands judgment against Defendant Sadie's Cleaning for unpaid wages in the amount of $2,798.13, plus prejudgment interest, costs of suit, reasonable attorney's fees, and any other relief the Court deems just and proper.

**COUNT II**
**(Failure to Pay Minimum Wages in Violation of the FLSA, 29 U.S.C. § 206 – Against All Defendants)**

34. Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations in paragraphs 1 through 27.

35. The FLSA requires that every covered employer shall pay each of its non-exempt employees the applicable federal minimum wage for all hours worked.

36. By failing to pay Plaintiff any wages for the workweeks between July 27, 2025, and August 15, 2025, Defendants willfully failed to compensate Plaintiff at an effective hourly wage at least equal to the federal minimum wage.

37. As a direct result of Defendants' violation, Plaintiff has suffered damages in the form of unpaid minimum wages, and is entitled to recover said unpaid wages, an additional equal amount in liquidated damages, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for unpaid minimum wages, an equal amount in liquidated damages, costs of suit, reasonable attorney's fees, and any other relief the Court deems just and proper.

**COUNT III**
**(Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207 – Against All Defendants)**

38. Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations in paragraphs 1 through 27.

39. At all times relevant, Plaintiff was a non-exempt employee entitled to overtime pay at one and one-half times her regular rate of pay for all hours worked over forty (40) in a workweek.

40. Defendants required Plaintiff to work in excess of forty (40) hours per workweek.

41. In violation of the FLSA, Defendants willfully failed to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) per week.

42. As a direct result of Defendants' violation, Plaintiff has suffered damages in the form of unpaid overtime compensation and is entitled to recover said unpaid wages, an additional equal amount in liquidated damages, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for unpaid overtime compensation, an equal amount in liquidated damages, costs of suit, reasonable attorney's fees, and any other relief the Court deems just and proper.

**COUNT IV**
**(Failure to Pay Minimum Wages in Violation of the FMWA – Against All Defendants)**

43. Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations in paragraphs 1 through 27.

44. The FMWA requires employers in Florida to pay employees the applicable Florida minimum wage for all hours worked.

45. By failing to pay Plaintiff any wages for her final weeks of employment, Defendants willfully violated the FMWA.

46. Plaintiff has complied with all conditions precedent to filing this action, including the pre-suit notice requirement of Fla. Stat. § 448.110(6).

47. On November 13, 2025, Plaintiff, through legal counsel, sent the FMWA pre-suit notice to the Defendants via email and Priority U.S. Mail. (**Exhibit A**).

48. Defendants did not timely respond to the notice, and the underlying minimum wages demanded remain unpaid.

49. As a direct result of Defendants' violation, Plaintiff has suffered damages in the form of unpaid minimum wages and is entitled to recover the unpaid wages, an additional equal amount in liquidated damages, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for unpaid Florida minimum wages, an equal amount in liquidated damages, prejudgment interest, costs of suit, reasonable attorney's fees, and any other relief the Court deems just and proper.

## COUNT V
## (FLSA Retaliation, 29 U.S.C. § 215(a)(3) – Against All Defendants)

50. Plaintiff realleges and adopts, as if fully set forth in Count V, the allegations in paragraphs 1 through 27.

51. The FLSA makes it unlawful for an employer to discharge or otherwise discriminate against an employee because such employee has complained about unpaid wages.

52. Plaintiff engaged in a statutorily protected activity under the FLSA when she made a good faith, verbal complaint to Defendant Marshall on August 15, 2025, requesting payment of her earned wages.

53. As a direct and proximate result of her protected complaint, Defendants took adverse employment action against Plaintiff by immediately terminating her employment.

54. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered damages, including but not limited to lost wages and benefits.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for back pay, front pay, liquidated damages, compensatory damages, prejudgment interest, costs of suit, reasonable attorney's fees, and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff demands a trial by jury as to all issues triable as of right.

Dated this 10th day of November 2026.

Respectfully submitted,

***s/ R. Michael Pierro, Jr.***

R. MICHAEL PIERRO, JR.
Florida Bar No. 013023
*Trial Counsel for Plaintiff*

**CALCIANO PIERRO**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
mike@flemploymentlaw.com